857 P.2d 1258

**In the Matter of James Thomas EVANS, a Member of the State Bar of Arizona, Respondent.**

**No. SB–93–0042–D.**

**Comm. Nos. 89–1601, 90–0308.**

Supreme Court of Arizona.

Aug. 18, 1993.

Kenneth C. Sundlof, Phoenix, Bar Counsel, for State Bar of Arizona.

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that **JAMES THOMAS EVANS,** a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that, pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against **JAMES THOMAS EVANS** for costs incurred by the State Bar of Arizona in the amount of $1,128.80, together with interest at the legal rate from the date of this judgment.

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

Comm. Nos. 89–1601, 90–0308

In the Matter of

JAMES THOMAS EVANS,

A Member of the State

Bar of Arizona,

Respondent.

DISCIPLINARY COMMISSION REPORT

[Filed July 30, 1993.]

This matter came before the Disciplinary Commission of the Supreme Court of Ari-

zona on March 13, 1993, pursuant to Rule 53(d), R.Ariz.Sup.Ct., for oral argument on the Hearing Committee's recommendation of informal reprimand and probation. Both Respondent and the State Bar filed objections to the Hearing Committee's recommendation.

## Decision

After considering the record on appeal and hearing the oral arguments of Respondent and the State Bar, the Commission, by a vote of seven to two,[1] rejects the Committee's recommendation that Respondent be informally reprimanded and placed on probation for two years, and recommends that Respondent be censured and placed on probation for a period of two years, under the terms and conditions recommended by the Hearing Committee, as set forth herein. By a unanimous vote of nine aye, the Commission accepts the Committee's findings of fact and conclusions of law.

## Probation

The majority of the Commission recommends probation for a term of two years, as previously stated, under the following terms and conditions:

1. Respondent shall practice under the supervision of a practice monitor appointed by the State Bar for a period of one year, who shall review Respondent's files monthly to satisfy the monitor that scope of retention and status of matters are being appropriately communicated to clients and that matters are being diligently pursued; and

2. Respondent shall, during each year of probation, complete ten additional hours of continuing legal education in the area of law office management, professional responsibility, and/or ethics, excluding self-study,

above and beyond the minimum requirements in this area. However, in the event a conflict arises which would prohibit Respondent from completing this requirement, other arrangements for compliance with these terms can be made on the approval of staff bar counsel.

## Facts

The conduct which is the subject of this matter was alleged in two consolidated complaints. As Respondent failed to answer either of the complaints, the allegations of both were deemed admitted.[2]

Complaint Number 89–1601 concerns Respondent's retention in August 1988 by a client ("Client A") for representation in a child custody matter. The fee agreement provided that Client A would pay Respondent a retainer of $1,500, with $1,000 down and the remainder paid at $150 per month until fully paid. Client A made the down payment as well as the October $150 monthly payment.

Respondent attended a hearing for the determination of temporary custody in September 1988. Respondent then ceased communications with Client A and did nothing further on his case. Accordingly, Client A stopped making his monthly payments to Respondent. Thereafter, Respondent failed to warn Client A that failure to pay would result in his withdrawal, gave no notice of withdrawal, and failed to protect Client A's interests.

In October 1989, approximately one year later, Respondent entered into an agreement with Client A which released Respondent from all liability on any claims Client A may have had against him as a result of this case.

The Committee found that this conduct violated ER 1.3, ER 1.4, ER 1.8(h), and ER 1.16.

---

1. Commissioners Bossé and Hoffman dissented. Commissioner Bossé believes the conduct is serious enough to warrant a suspension, particularly in light of Respondent's previous informal reprimand.

Commissioners Goldsmith and Malm did not participate in these proceedings. Christopher Jensen and Robert Miles participated as ad hoc members.

2. Rule 53(c)(1).

Complaint Number 90–0308 concerns Respondent's retention by a client ("Client B") regarding a problem with a property management company. Respondent initially sent a demand letter. Subsequently, however, he lost Client B's file, failed to return his file, failed to adequately communicate with him, failed to keep him apprised of the status of his case, failed to respond to his requests for information, and failed to diligently pursue this matter. In addition, Respondent failed to respond to two separate letters from the State Bar requesting that he respond to the charge.

The Committee found that this conduct violated ER 1.1, ER 1.3, ER 1.4, ER 1.15, ER 8.1, and Supreme Court Rule 51(h) and (i).

## Discussion of Decision

■ Both of these matters involve virtually the same conduct by Respondent. He accepted representation, took initial action, then ignored the client until forced to address the matter again. The Commission agrees that Respondent's conduct exhibited lack of competence, lack of diligence, failure to adequately communicate with clients, failure to safekeep a client's property, failure to properly terminate representation of a client, and failure to respond to inquiries from the State Bar. Respondent also entered into an agreement with a client which prospectively limited Respondent's liability to his client for malpractice.

■ The Commission should give great deference to findings and recommendations of the Hearing Committee. *In re Petrie*, 154 Ariz. 295, 742 P.2d 796 (1987). The Commission recognizes that the Committee had the best opportunity to evaluate testimony and evidence offered in mitigation and aggravation at the hearing. In fact, the Commission agrees with the findings of fact and conclusions of law of the Committee. However, the Commission believes that those facts and violations warrant a sanction more severe than an informal reprimand.

■ Particularly in situations where the Commission disagrees with the committee's recommendation, the Court considers the ABA's *Standards for Imposing Lawyer Discipline* to assist in their determination of the appropriate sanction. *In re Arrick*, 161 Ariz. 16, 775 P.2d 1080 (1989).

Most of the conduct at issue here can be seen as the result, either directly or indirectly, of lack of diligence on the part of Respondent. Standard 4.4 addresses lack of diligence. Standard 4.42 provides for suspension when a lawyer knowingly fails to perform services for a client or engages in a pattern of neglect, and causes injury or potential injury to a client. Standard 4.43 provides for reprimand (censure in Arizona) when a lawyer is negligent, does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. Standard 4.41 provides for admonition (informal reprimand in Arizona) when a lawyer is negligent, does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

Respondent holds that his conduct with both clients was the result of negligence, rather than the intentional or willful conduct necessary to warrant a suspension, as recommended by the State Bar. Respondent maintains that Client A retained him to obtain custody of his children; Respondent claims he did so. Respondent admits that, in doing so, he attended only one hearing for Client A, but asserts the hearing was of a very complex and detailed nature. Respondent states that Client B requested that he send a demand letter to the property management company. Respondent did so. He admits that losing the file was careless, but not intentional. Because Respondent believes that neither Client A nor Client B suffered harm as a result, he concludes an informal reprimand is appropriate.

■ The Commission agrees that Respondent's actions were the result of negligence rather than a knowing failure to perform services for his clients. The Commission also believes that these two cases are insufficient to constitute a pattern of

neglect, which would also indicate that suspension is appropriate. The Commission disagrees with Respondent, however, concerning the resulting harm to the clients. Respondent caused Client A's case to be delayed for one year. Client B was forced to proceed without his file for some time. The Commission sees potential injury in both cases, which indicates informal reprimand is inappropriate.

Standard 8.3(b) provides for censure when a lawyer has received an informal reprimand for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client. Respondent was informally reprimanded in 1989 for failure to cooperate with the State Bar's investigation. Respondent insists that his failure to file an answer to the complaints in these matters was merely an oversight on his part. The Commission believes Respondent's explanation is inadequate; that oversight should never have occurred, particularly in light of the prior sanction for that same conduct.

Standard 9.1 provides that "aggravating and mitigating circumstances may be considered in deciding what sanction to impose." Standard 9.22 lists factors in aggravation. Present here are prior disciplinary offenses, multiple offenses, and substantial experience in the practice of law; Respondent had been practicing for twelve years when the misconduct occurred.

Only one factor in mitigation is present. Respondent had no selfish or dishonest motive.

In consideration of the facts deemed admitted, the numerous ethical violations, and the factors in mitigation and aggravation, the Commission believes a censure with probation will best serve the purpose of attorney discipline, which is "... to protect the public and deter similar conduct by other lawyers." *In re Rivkind*, 164 Ariz. 154, 791 P.2d 1037 (1990).

RESPECTFULLY SUBMITTED this 10th day of May, 1993.

/s/ Raymond W. Brown
Raymond W. Brown, Chair
Disciplinary Commission